NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| Melchor R. JAYME, <br><br> Plaintiff, <br><br> v. <br><br> United States of America, Department of Veterans Administration, et al., <br><br> Defendants. | Civ. No. 10-3248 <br><br> OPINION & ORDER |

THOMPSON, U.S.D.J.

This matter comes before the Court on Defendants the United States Department of Veterans Affairs[1] ("VA"), Eric Shinseki, and Kenneth Mcquown's Motion to Dismiss, or in the alternative, for Summary Judgment [docket #7], and upon Plaintiff's Motion for Summary Judgment [9]. The Court has decided the matter after considering the parties' submissions, without holding oral argument, pursuant to Fed. R. Civ. P. 78(b). For the reasons set forth below, Defendants' Motion is granted in part and denied in part, and Plaintiff's Motion is denied.

I.  BACKGROUND

In 2009, Congress created the Filipino Veterans Equity Compensation Fund (FVEC) as part of the American Recovery and Reinvestment Act of 2009. Pub. L. No. 111-5, Title X, § 1002, 123 Stat. 115, 200-02 (to be codified at 38 U.S.C. § 107). The FVEC entitles eligible Filipino veterans of World War II to a one-time payment of $15,000 for U.S. citizens and $9,000 for non-citizens. *Id.*

---

[1] The Complaint improperly named as a party the Department of Veterans Administration; the agency's proper title is the Department of Veterans Affairs.

Plaintiff Melchor R. Jayme is a Filipino-American who served in the Commonwealth Army of the Philippines and the U.S. Army during World War II.  On May 13, 2009, Plaintiff filed a claim seeking compensation under the FVEC.  His claim was denied because the VA had previously determined, in a written decision issued approximately May 19, 1953, that he had forfeited all rights to benefits provided by the VA by assisting the enemy Japanese during the war.  Plaintiff then sent a letter to VA Director Eric Shinseki requesting that Shinseki declare the May 1953 decision and an alleged July 1949 decision "null and void."

Plaintiff filed this suit on June 25, 2010.  His first filing—docketed as the complaint—states that he is "in the process of filing a complaint" and that he seeks, as an "interim motion," a writ of mandamus to compel the Defendants to produce the 1953 and 1949 decisions.  (Compl. 2) [1].

Defendants filed a motion to dismiss, or in the alternative, for summary judgment on October 14.  Their motion argues that they should prevail because (1) Plaintiff fails to state a claim upon which relief may be granted because he fails to allege a statutory basis for jurisdiction, or (2) this Court lacks subject matter jurisdiction because Plaintiff's requested relief has already been provided or cannot be provided, and thus no live case or controversy exists.[2]  (Defs.' Mot. to Dismiss) [7].

On November 3, Plaintiff filed a motion for summary judgment in which he admits that he mistakenly violated the Federal Rules of Civil Procedure, jeopardizing the jurisdiction and judicial process of his case.  (Pl.'s Mot. for Summ. J. 1) [9].  Unlike his complaint, which only requested that Defendants produce the 1949 and 1953 decisions, his motion seeks the following: 1) declare unconstitutional the laws authorizing the VA's 1953 decision; 2) declare the 1953 and

---

[2] Defendants delivered the May 1953 decision to Plaintiff in a letter on July 26, 2010, and informed him that his file did not contain any VA decision from July 1949.

1949 decisions null and void; 3) order Defendants to pay Plaintiff under the FVEC; and 4) reinstate all of Plaintiff's rights and benefits. (*Id.* at 12.) Defendants oppose the motion because Plaintiff seeks relief not requested in the complaint and the Court lacks subject matter jurisdiction. (Mem. in Opp'n to Pl.'s Mot. for Summ. J. 3) [12].

## II.  ANALYSIS

### A. Legal Standard

If a defendant challenges the court's jurisdiction under Fed. R. Civ. P. 12(b)(1), the plaintiff bears the burden of proving subject matter jurisdiction, but the burden is light: the court should only dismiss for lack of jurisdiction where the claim "is so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Growth Horizons, Inc., v. Delaware Cty., Pa.*, 983 F.2d 1277, 1280-81 (3d Cir.1993) (internal quotations omitted).

In contrast, a motion under Fed. R. Civ. P. 12(b)(6) tests the sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (citation omitted). The defendant bears the burden of showing that no claim has been presented. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). When considering a 12(b)(6) motion, a district court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to plaintiff, but may disregard any legal conclusions. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). Once the well-pleaded facts have been identified, a court must determine whether the "facts are sufficient to show that plaintiff has a 'plausible claim for relief.'" *Id.* (quoting *Ashcroft v. Iqbal*, --- U.S. ---, 129 S. Ct. 1937, 1949 (2009)).

### B. Defendants' Motion to Dismiss

It is well-established that courts should construe pro se complaints liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Giles v. Kearney*, 571 F.3d 318, 322 (3d Cir. 2009).

3

However, Plaintiff's pro se status does not free him from compliance with the Federal Rules of Civil Procedure and does not permit this Court to read into the complaint claims and prayers that simply are not there. The deficiencies of the Complaint apparently arise because Plaintiff was under the mistaken impression that his first filing with the Court need not be a complaint. Rather, he captioned his first filing as "Discovery: Mandamus," later referred to the filing as an "interim motion discovery: mandamus," and expressly states that he "is in the process of completing the complaint." (Compl. 2) [1]. His motion for summary judgment, by contrast, contains a prayer for relief and grounds for relief—elements that are required in a complaint. *See* Fed. R. Civ. P. 8(a).

Because Plaintiff is proceeding pro se, we will dismiss the complaint without prejudice and grant Plaintiff an additional 30 days to re-file an amended complaint. We direct Plaintiff to Fed. R. Civ. P. 8 and 10, as well as L. Civ. R. 8.1 and 10.1, which prescribe the required elements and form for a complaint. Specifically, the complaint must contain short and plain statements of the grounds for the court's jurisdiction and the claim showing Plaintiff is entitled to relief, as well as the demand for relief sought. Fed. R. Civ. P. 8(a). If Plaintiff's grounds for relief include a challenge to the constitutionality of any federal or state statute, he must also comply with the requirements of Rule 5.1. Fed. R. Civ. P. 5.1(a).

## CONCLUSION

For the foregoing reasons , it is on this 18th day of January, 2011,

ORDERED that Defendants' Motion to Dismiss [docket #7] is GRANTED IN PART and DENIED IN PART; and it is

ORDERED that Plaintiff's Motion for Summary Judgment [9] is DENIED; and it is

ORDERED that Plaintiff's Complaint is dismissed without prejudice; and it is

ORDERED that Plaintiff shall have 30 days to file an amended complaint in accordance with the Federal Rules of Civil Procedure and the Local Civil Rules.

<i>/s/ Anne E. Thompson</i>  
ANNE E. THOMPSON, U.S.D.J.