NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Melchor R. JAYME,<br><br>      Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, DEPARTMENT OF VETERANS ADMINISTRATION, et al.,<br><br>      Defendants. | Civ. No. 10-3248<br><br>OPINION |

THOMPSON, U.S.D.J.

## I.   INTRODUCTION

This matter has come before the Court on Defendants the United States Department of Veterans Affairs[1] (VA), Eric Shinseki, and Kenneth McQuown's Motion to Dismiss, or in the alternative, for Summary Judgment [docket # 25]. Plaintiff Melchor Jayme has opposed the motion [30]. The Court has decided the matter after considering the parties' submissions, without holding oral argument, pursuant to Fed. R. Civ. P. 78(b). For the reasons set forth below, Defendants' Motion is granted.

## II.   BACKGROUND

In 2009, Congress created the Filipino Veterans Equity Compensation Fund (FVEC) as part of the American Recovery and Reinvestment Act of 2009. Pub. L. No. 111-5, Title X, § 1002, 123 Stat. 115, 200-02 (to be codified at 38 U.S.C. § 107). The FVEC entitles eligible

---

[1] The Complaint improperly named as a party the Department of Veterans Administration; the agency's proper title is the Department of Veterans Affairs.

Filipino veterans of World War II to a one-time payment of $15,000 for U.S. citizens and $9,000 for non-citizens. *Id.*

Plaintiff Melchor R. Jayme is a Filipino-American who served in the Commonwealth Army of the Philippines and the U.S. Army during World War II. (Am. Compl. 8–9) [21]. On May 13, 2009, Plaintiff filed a claim seeking compensation under the FVEC. (*Id*. at 2–3). His claim was denied because the VA had previously determined, in a written decision issued May 19, 1953, that he had forfeited all rights to benefits provided by the VA by assisting the enemy Japanese during the war. (*Id*.) Plaintiff then sent a letter to VA Director Eric Shinseki requesting that Shinseki void the May 1953 decision and an alleged July 1949 decision.[2]

Plaintiff filed this suit on June 25, 2010. After the Court granted a motion to dismiss, Plaintiff filed an Amended Complaint on April 19, 2011 [21]. The Amended Complaint contains four counts. The first count seeks for the Court to overturn the May 1953 VA decision forfeiting his rights and benefits and award him $15,000. (Am. Compl. 16.) The second count seeks to overturn the alleged July 1949 decision. (*Id*. at 18.) The third count challenges the VA's decision to designate Plaintiff "Honorable Discharge" rather than "Disability Discharge" and seeks an award of all the rights and benefits owed to disability-discharged veterans. (*Id.* at 20.) And the forth count seeks to have two laws declared unconstitutional. (*Id.* at 24.)

Defendants filed the instant motion to dismiss, or in the alternative, for summary judgment, arguing that 38 U.S.C. § 51 precludes judicial review of veterans' benefits decisions, and thus, the Court lacks subject matter jurisdiction and Plaintiff has failed to state a claim for relief.

---

[2] Defendants delivered the May 1953 decision to Plaintiff in a letter on July 26, 2010, and informed him that his file did not contain any VA decision from July 1949. (Am. Compl. 10.)

III. ANALYSIS

A. **Legal Standard**

If a defendant challenges the court's jurisdiction under Fed. R. Civ. P. 12(b)(1), the plaintiff bears the burden of proving subject matter jurisdiction, but the burden is light: the court should only dismiss for lack of jurisdiction where the claim "is so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Growth Horizons, Inc., v. Del. Cty., Pa.*, 983 F.2d 1277, 1280–81 (3d Cir. 1993) (internal quotations omitted).

In contrast, a motion under Fed. R. Civ. P. 12(b)(6) tests the sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (citation omitted). The defendant bears the burden of showing that no claim has been presented. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). When considering a 12(b)(6) motion, a district court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to plaintiff, but may disregard any legal conclusions. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). Once the well-pleaded facts have been identified, a court must determine whether the "facts are sufficient to show that plaintiff has a 'plausible claim for relief.'" *Id.* (quoting *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009)).

B. **Application**

Although Plaintiff's Amended Complaint lists four separate causes of action, each claim essentially seeks the same result: that this Court review and reverse the decisions of the Secretary of Veterans Affairs and award Plaintiff the veterans' rights and benefits to which he believes he is entitled. By law, however, this Court does not have jurisdiction to review decisions of the VA with respect to veterans' benefits. Plaintiff's claims must therefore be dismissed.

The Veterans Judicial Review Act ("VJRA"), 38 U.S.C. § 101, *et seq.*, sets out a limited procedure for judicial review of decisions made by the VA. First, the veteran must seek review within the agency by filing a notice of disagreement with the Board of Veterans Appeals. *See* 38 U.S.C. § 7104(a). An appeal from the decision of the Board can only be taken to the Court of Appeals for Veterans Claims ("CAVC"), which has exclusive jurisdiction over appeals from the Board. *See* 38 U.S.C. §§ 7252(a) and 7266(a). Finally, jurisdiction over appeals from the CAVC lies in the United States Court of Appeals for the Federal Circuit. *See* 38 U.S.C. § 7292(a). Subject to exceptions which are not relevant here, Congress expressly prohibited review of the Secretary's benefits decisions by district courts in 38 U.S.C. § 511, which states:

> The Secretary shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans. Subject to subsection (b), *the decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court*, whether by an action in the nature of mandamus or otherwise.

38 U.S.C. § 511(a) (emphasis added);[3] *Dambach v. United States*, 211 F. App'x 105, 108 (3d Cir. 2006).

The first two counts of Plaintiff's Amended Complaint contest the decisions made by the VA forfeiting Plaintiff's benefits and seek reinstatement of those benefits. The third count asks the Court to determine that Plaintiff is a disability-discharged veteran and award him benefits accordingly. Because district courts do not have jurisdiction over challenges to the validity of decisions denying veterans' benefits, we must dismiss these claims.

Plaintiff's fourth count challenges the constitutionality of two congressional laws, which the VA relied upon in the 1953 decision forfeiting Plaintiff's rights and benefits. Although district courts *do* have jurisdiction to hear facial constitutional challenges to veterans' benefits

---

[3] While § 511 states "[s]ubject to subsection (b)," none of the exceptions listed in 38 U.S.C. § 511(b) are applicable here.

laws, *see Johnson v. Robison*, 415 U.S. 361, 376–77 (1974); *Hall v. U.S. Dep't Veterans Affairs*, 85 F.3d 532, 534 (11th Cir. 1996), a plaintiff cannot simply characterize his challenge to a benefits determination as a constitutional claim in order to overcome the jurisdictional bar of 38 U.S.C. § 511, *Johnson v. Dep't of Veterans Affairs*, 351 F. App'x 288, 290 (10th Cir. 2009) (rejecting claims, which "despite being couched as constitutional challenges to statutes and a regulation," instead "function[ed] only as a means to contest the adverse benefits decision"). The two laws Plaintiff challenges mandate forfeiture of benefits for any claimant who makes a false representation concerning any claims for benefits, Pub. L. No. 73-2, § 15, 48 Stat. 8, 11 (1933), and for any claimant who is guilty of mutiny, treason, sabotage, or rendering assistance to an enemy of the United States, Pub. L. No. 78-144, § 4, 57 Stat. 554, 555 (1943). Plaintiff has not made a colorable showing why these laws would be unconstitutional. Instead, Plaintiff's purported constitutional challenge is really just a claim that the VA should not have forfeited his benefits on the basis of these laws. Accordingly, pursuant to 38 U.S.C. § 511, his claim cannot be pursued in the district courts. Therefore, we dismiss this count as well.

If Plaintiff wishes to pursue these claims further, he must use the statutorily-mandated procedures: review by the Board of Veterans Appeals, with an appeal lying in the Court of Appeals for Veterans Claims and then in the United States Court of Appeals for the Federal Circuit.

## IV. CONCLUSION

For the reasons stated above, the Defendants' Motion will be granted and all claims against Defendants will be dismissed. An appropriate order will follow.

DATE: September 13, 2011                    */s/ Anne E. Thompson*
                                                                    ANNE E. THOMPSON, U.S.D.J.